Andre B. YOUNG, Plaintiff–Appellant,

v.

State of WASHINGTON; et al., Defendants–Appellees.

No. 04–35958.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 8, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Andre B. Young, Steilacoom, WA, pro se.

Stefanie J. Weigand, Esq., Agwa–Office of the Washington Attorney General (Olympia) Criminal Justice Division, Olympia, WA, Donna J. Hamilton, Esq., Jeffrey R. Erwin, Esq., Agwa–Office of the Washington Attorney General (Olympia) Social & Health, Services, Olympia, WA, for Defendants–Appellees.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Andre B. Young, a civil detainee, appeals pro se from the district court's summary judgment for Washington State defendants in his 42 U.S.C. § 1983 action alleging he was denied telephone communication with his family for a number of months while he was held on prison grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1043 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment on Young's First Amendment claim because Young's sham affidavit contradicted his prior deposition testimony and therefore could not be used to defeat the motion for summary judgment. *See Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 543–44 (9th Cir.1975) (concluding that a sham affidavit that flatly contradicted earlier testimony could not be used to create a disputed issue of fact and avoid summary judgment).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

There was no triable issue as to whether Young had telephone access during the period at issue, or communicated with various members of his family.

Young's remaining contentions lack merit.

**AFFIRMED.**